UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA HOLLAND,                                         Case No. 23-13013

    Plaintiff,                                                F. Kay Behm
v.                                                                    United States District Judge

STATE FARM FIRE AND CASUALTY CO.,

    Defendant.
_____/

## ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Plaintiff, Jessica Holland, originally brought this action in Eaton County Circuit Court, which is located in the Western District of Michigan.  (ECF No. 1, PageID.12-17); *see* 28 U.S.C. § 102(b)(1).  Defendant, State Farm Fire and Casualty Co., timely removed this action to this court on November 29, 2023, based on diversity jurisdiction.  (ECF No. 1).  State Farm, however, removed this matter to the wrong district court.  As set forth in 28 U.S.C. § 1441(a), removal must be made to the district court in the district in which the state court action is pending:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

> States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  As the governing statute (28 U.S.C. § 102(b)(1)) provides that Eaton County is located within the Western District of Michigan, removal is proper only to that district court.  *See e.g.*, *Helvey v. Helvey*, 2019 WL 3067974, at *1 (E.D. Mich. July 12, 2019); *see also Wax v. Stein World, L.L.C.*, 2008 WL 2227350, at *2 (N.D. Ohio May 2, 2008), report and recommendation adopted, 2008 WL 2227347 (N.D. Ohio May 27, 2008) ("There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court ... for the district and division embracing the place where [the state court] action [was] pending.'") (quoting 28 U.S.C. § 1441(a)).  Accordingly, State Farm removed this action to this court in error.

Most federal courts have held that such a procedural error does not require remand to state court and that transfer to the correct court is appropriate. *Commonwealth Motorcycles, Inc. v. Ducati N. Am., Inc.*, 2016 WL 3156417, at *2 (E.D. Ky. June 2, 2016) (citing *Keeth v. State Farm Fire and Cas. Co.*, 2011 WL 479903, at *2 (E.D. Mich. Feb. 7, 2011) (collecting cases and noting that "[d]istrict courts in this circuit have approved the transfer of a matter to a different venue when the matter has been removed to an improper federal district."); *McPeek v.*

*Tandy LLC*, 2010 WL 399109, at *4 (E.D. Ky. Jan. 25, 2010) (denying motion to remand after removal to wrong district because "justice is better served by transferring this matter to the [proper district] rather than remanding the action to [state court]"); *Lee v. Thomas Tours & GSA, Inc.*, 1997 WL 638428, at *1 (N.D. Cal. Sept. 29, 1997) ("When a case is removed to the wrong district, a federal district court can transfer the case to the correct venue rather than remand the case to state court.")).  The court finds that the interests of justice are best served by transferring this action to the correct district court.

For these reasons, the court **ORDERS** this action **TRANSFERRED** to the United States District Court for the Western District of Michigan.

**SO ORDERED**.

Date: December 4, 2023               s/F. Kay Behm
                                     F. Kay Behm
                                     United States District Judge